**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Bradley D. Gardner (SBN: 011211)
bdg@udallshumway.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Burdette Howe,<br><br>Plaintiff,<br><br>v.<br><br>Aspen University, Inc.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Elizabeth Burdette Howe ("Plaintiff"), by and through undersigned counsel, alleges the following facts and claims against Defendant Aspen University, Inc. ("Defendant"), and demands a trial by jury pursuant to the Federal Rules of Civil Procedure, Rules of Civil Procedure, Rule 3, 7(a)1, 8(a) and 38(a) and (b).

## JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America residing in Maricopa County, Arizona.

2. Upon information and belief, Defendant is a foreign for-profit corporation, domiciled in the State of Delaware, with its principal place of business in the State of Colorado. Defendant has operating subsidiaries located within this District.

3. This Court has jurisdiction over this case under 28 U.S.C. §1331.

4. Venue is proper in this District under 28 U.S.C. §1391 as most or all of the acts alleged herein occurred within the geographic region covered by this District of Arizona.

5. Plaintiff alleges that Defendant is legally responsible for the acts and/or omissions giving rise to this cause of action and is legally and proximately responsible for damages as alleged herein.

## GENERAL ALLEGATIONS

6. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

7. Plaintiff enrolled in Defendant's Nursing Program on January 8, 2019 at its newly established Phoenix location.

8. From the onset of her enrollment, Plaintiff experienced a lack of preparedness from Defendant.

9. Plaintiff experienced course changes without adequate notice, confusion about assignments and an inability to plan her studies, and a diminished ability to learn critical course content.

10. Despite these inconsistencies, Plaintiff continued to teach herself the coursework and was able to maintain above average grades throughout her classes.

11. Defendant's handbook indicated that students are to complete at least 945 hours of "clinical contact" at a "clinical site" during their program of study.

12. In September 2021, Defendant reported only 270 of 945 direct clinical care hours with the rest provided in a virtual setting.

13. Per the Arizona Rules of the State Board of Nursing:

> Section R4-19-801(C)(9):
>
> A qualified RN instructor **shall be present at all times** and during all scheduled classroom, skills laboratory and clinical sessions. (Emphasis added).

and

> Section R4-19-802(D):
>
> Clinical and classroom hour requirements and resources,
>
> 1. A nursing assistant training program shall ensure each graduate receives a minimum of 120 hours of total instruction consisting of:
>    a. Instructor-led teaching in a classroom setting for a minimum of 40 hours;
>    b. Instructor-supervised skills practice and testing in a laboratory setting for a minimum of 20 hours; and
>    c. Instructor-supervised clinical experiences for a minimum of 40 hours, consistent with the goals of the program.

14. Since admitting students in July 2018, Defendant has never achieved the full direct care hours promised in its curriculum plan for any of its cohorts.

15. During the 2021 school year, Plaintiff was only at the Phoenix campus once.

16. During Plaintiff's Maternal Health class her instructor only showed up on Zoom once.

17. The Maternal Health lab hours were done virtually, rather than the required in-person practice.

18. Plaintiff went as far as to going to her local Police Department to obtain a mannequin for practice.

3

19. At the end of the semester Plaintiff witnessed fellow students who did not know how to properly obtain a blood pressure reading. Yet these students received passing grades and will be, if not already, graduated from the Nursing Program.

20. On or around June 7, 2021, Spring term ended.

21. Plaintiff ended the term with a 91.65% in her Maternal Health course and an 83.34% in her Adult Health course.

22. Yet when final grades were posted, Plaintiff was shocked to see she had failed both her Maternal and Adult Health courses.

23. Plaintiff attempted multiple times to remedy these decisions to no avail.

24. Shortly thereafter, Plaintiff received notice that she had been dropped from the Nursing Program after failing two required courses.

25. Plaintiff submitted three appeals and one grievance to Defendant, and all were denied.

26. In accordance with Defendant's Aspen's 2020 Academic Catalog, Volume 5, Edition 8, "Nursing Core Credit Failures", it states:

> Students may retake a failed course in the next available session of Nursing Core. Students are permitted to retake a failed course once only for a total of two attempts. If the course is failed twice, students will be dismissed from the program.
>
> and
>
> Students enrolled in the Bachelor of Science in Nursing (Pre-licensure Program) will be dismissed from the program if they fail any two attempts of nursing core courses.

4

27. Per Defendant's own policies, Plaintiff is allowed to retake these courses in the next available session. However, Defendant has failed and refused to allow Plaintiff's re-entry into the Nursing Program to retake these courses.

28. In December 2021, Plaintiff went to the Phoenix campus to try and speak with program director, Dr. Joann Weiss. Rather than listen to Plaintiff, Dr. Weiss refused to meet with Plaintiff and told her the school was "shutting the door on her and there was no one there that was going to help".

29. As a result of Defendant's denial of re-entry into the Nursing Program, Plaintiff has been damaged.

30. Plaintiff has outstanding student loan debt of more than $40,000.00.

31. Defendant has taken approximately $13,273.00 of Plaintiff's Pell Grant. This is almost 100% of her Lifetime Pell Eligibility total.

32. Plaintiff's transfer credits were only good for five years and have now expired. As a result, Plaintiff has no other choice but to start over and retake all of her pre-requisites should she enroll in a new school.

33. At the time Defendant dropped her from the Nursing Program, Plaintiff was eleven months shy of graduating.

34. Plaintiff has been harmed by poor return on her investment of time and financial resources in a program with inadequate teaching practices.

35. Defendant violated this standard of practice by failing to disclose in its student handbook that a significant majority of its clinical hours are currently provided virtually.

*Efforts prior to filing this lawsuit*

36. Plaintiff retained the law firm of Davis Miles to prepare and submit a demand letter to Defendant on September 20, 2021.

37. Defendant denied any wrongdoing and refused to re-enroll Plaintiff.

38. In January 2022, Plaintiff retained undersigned counsel who send another demand letter to Defendant on February 4, 2022.

39. Defendant denied any wrongdoing and refused to re-enroll Plaintiff.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

40. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

41. Plaintiff entered into an agreement with Defendant to attend schooling for Defendant's Bachelor's in Nursing Program.

42. Per the terms of Defendant's Academic Catalog, Plaintiff was entitled to retake her failed courses in the next available session which would have begun within the next month.

43. Rather Defendant was terminated from the Nursing Program and Defendant has refused to allow Plaintiff to re-enroll at the University in order to complete her studies.

44. As a direct and proximate result of the Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined according to proof at the time of trial.

45. Pursuant to A.R.S. §§ 12-341 and 12-341.01, Plaintiff is entitled to an award of her reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing)**

46. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

47. A party to a contract has a duty to act fairly and in good faith.

48. This duty requires that neither party do anything that prevents the other party from receiving the benefits of their agreement.

49. The acts and omissions of Defendant constitute a breach of the covenant of good faith and fair dealing and Plaintiff has been damaged thereby.

50. As a direct and proximate result of the Defendant's breach of the duty of good faith and fair dealing, Plaintiff has been damaged in an amount to be determined according to proof at the time of trial.

51. Pursuant to A.R.S. §§ 12-341 and 12-341.01, Plaintiff is entitled to an award of her reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

52. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

53. Plaintiff was impoverished by the Defendant's actions as described in the previous paragraphs set forth above, which actions were not justified, and Defendant has been unjustly enriched at the expense of Plaintiff.

54. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer substantial harm from Defendant.

55. It would be inequitable for Defendant's to retain the benefits gained by their wrongful conduct without repaying the sum taken from Plaintiff.

## FOURTH CAUSE OF ACTION
**(Declaratory Relief)**

56. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

57. Plaintiff is requesting immediate reinstatement to Defendant's Nursing Program.

58. Plaintiff is further requesting that her reinstatement tuition remain as it was at the time of her enrollment with Defendant in 2019.

59. Plaintiff has been informed and believes, and therefore allege, that Defendant disputes these requests.

60. An actual, present and justiciable controversy has therefore arisen and now exists between Plaintiff and Defendant concerning Defendant's obligation to provide a defense in connection with this matter.

61. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations regarding this dispute.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. For Plaintiff's immediate re-enrollment in Defendant's Nursing Program;

8

B.  That Plaintiff's tuition rate will remain in accordance with her 2019 enrollment rates.

C.  For a declaration and determination that Defendant owes an obligation to defend in connection with its policies;

D.  For a declaration and determination as to the amount that Defendant must pay to satisfy its obligation to Plaintiff;

E.  For a monetary award according to proof at the time of trial;

F.  For an award of Plaintiff attorneys' fees and costs in accordance with A.R.S. §§ 12-341 and 12-341.01; and,

G.  For all other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

**DATED:** June 1, 2022.

**UDALL SHUMWAY PLC**

By: /s/ Bradley D. Gardner
Bradley D. Gardner, Esq.
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
*Attorney for Plaintiff*

6282621.1/120066.1

9