**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Bradley D. Gardner (SBN: 011211)
bdg@udallshumway.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Burdette Howe,<br><br>    Plaintiff,<br><br>v.<br><br>Aspen University, Inc.,<br><br>    Defendant. | Case No.: 2:22-cv-00939-DGC<br><br>**JOINT MEMORANDUM PURSUANT TO THE COURT'S AUGUST 24, 2022 MINUTE ENTRY** |

The parties, by and through their undersigned counsel, hereby submit this Memorandum in accordance with the Court's August 24, 2022, Minute Entry as follows:

**1.      Plaintiff's good faith basis for claim exceeding $75,000.**

Plaintiff has incurred, but is not limited to the following damages:

- Approximately $30,000 out-of-pocket to pay for Aspen tuition.

- In addition to the foregoing, Plaintiff has sustained approximately $50,000 in student loans to attend Aspen.

- At a minimum, Plaintiff will have to pay $80,000 out-of-pocket should she need to begin her nursing degree over at a different school because Aspen has

depleted all of Plaintiff's financial aid and she will have to re-take all the prerequisites as they have since expired.

- At the time Plaintiff enrolled at Aspen, they only offered Plaintiff the day program. As a result, Plaintiff left her fulltime job in January 2019 making $30 per hour, with benefits, to working fulltime nights at $13.25 per hour without benefits.

Plaintiff went from making $62,400 annually to $27,560 annually. That is an annual loss of income of $34,480, or approximately $104,520 over the last 3 years since Plaintiff left her previous employer. These damages continue to accrue at a daily rate of $134 per day.[1]

- Plaintiff had a job offer on hold from Mayo Clinic pending her graduating in Spring (March) 2022 starting at $59 per hour or $122,720 annually. However, prior to graduation, Mayo sent out a letter stating it was willing to hire students (Plaintiff) if they had 6 months or less remaining in their nursing degrees because they were experiencing such a shortage. At the time Plaintiff was dropped from the program she had 11 months remaining.

Had Plaintiff remained enrolled at Aspen she could have started employment at Mayo Clinic as soon as October 2021. That is approximately 11 months of increased income Plaintiff has missed out on, around $7,930 per month, or $87,230 annually to date.[2]

---

[1] This is based off the standard 8-hour day/40-hour work week.
[2] These calculations are done in conjunction with Plaintiff's current income and are mitigated as such.

2

Defendant does not agree that Plaintiff's damages calculations are provable or recoverable, but does agree that Plaintiff's allegations meet the amount in controversy threshold for purposes of establishing jurisdiction in this Court.

**2.     Short Summary of what ESI each party has, what steps each side is taking to preserve that information, and if there are any issues identified in that process.**

Plaintiff's counsel has advised Plaintiff that she is not to delete or tamper with any evidence and that she is to preserve all evidence related to this case. Plaintiff's counsel has discussed the questions asked by this Court relating to ensuring Plaintiff has disclosed all documents in her possession. Out of an abundance of caution, Plaintiff's counsel has instructed Plaintiff to go through all her emails and text messages so that we may disclose any additional documentation discovered. Plaintiff's counsel has also confirmed that the only social media account held by Plaintiff is a Facebook account.

In conjunction with its Initial Disclosure Statement, Defendant has already produced emails and other ESI relating to the allegations in Plaintiff's complaint. Defendant's counsel has also informed Defendant of the need to preserve ESI relating to Plaintiff and, at Plaintiff's request, has asked Defendant's IT Department to perform a search for any internal and external electronic communications regarding Plaintiff.

**3.     Any issues related to claims of privilege or work product.**

On August 29, 2022, Plaintiff's counsel had a conference call with lead counsel at the Board of Nursing to discuss this case. During this call it was made clear that any information relating to the Board of Nursing's Notice of Charge investigation (No.

201202RN96510000), filed on February 18, 2022, is **not** subject to disclosure. Specifically, counsel stated that pursuant to A.R.S. § 32-1664(M), their entire investigative file is not available to the public and are not subject to discovery in a civil or criminal matter.  See attached.  Counsel is aware that this is a state statute, and this case is in Federal Court for which these rules may not apply, however, counsel did make it clear that should our office try to obtain records they will fight a subpoena.

Counsel also stated that as part of its Consent Agreement reached with Aspen on March 31, 2022, the parties entered into a Confidentiality Agreement which prohibits the disclosure of any information.  Therefore, any discovery our office attempts to submit to defense counsel relating to this Notice of Charge will be objected to as confidential and privileged information.

At this time, it remains unclear how Plaintiff's counsel is supposed to obtain imperative information which directly relates to this case and my client's situation.  This will be an issue that the Court will have to address in the future.

**DATED**: August 31, 2022.

                **UDALL SHUMWAY PLC**

                By: /s/ Bradley D. Gardner
                     Bradley D. Gardner
                     *Attorneys for Plaintiff*

                **JONES, SKELTON & HOCHULI P.L.C.**

                By: /s/ Charles M. Callahan (with permission)
                     Charles M. Callahan
                     Robert Berk
                     *Attorneys for Defendant*