# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| Elizabeth Burdette Howe | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00939-DGC |
| Aspen University, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Chamberlain University LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See Exhibit A attached hereto.

| Place: Udall Shumway PLC<br>1138 N Alma School Rd., Ste. 101<br>Mesa, AZ 85201 | Date and Time:<br>08/28/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/24/2023

*CLERK OF COURT*

OR  _/s/ David Schwartz_

Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Elizabeth Burdette Howe                  , who issues or requests this subpoena, are:
David R. Schwartz, 1138 N. Alma School Rd., Ste. 101, Mesa, AZ 85201; das@udallshumway.com; (480) 461-5325

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00939-DGC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

Produce the documents and electronically stored information identified below subject to the following instructions and definitions:

## I. INSTRUCTIONS

1. Your obligation to produce documents pursuant to this Subpoena may be satisfied by, on or before **August 28, 2023 at 10:00 a.m.** by producing for inspection and copying all of the requested documents, or by delivering true, correct, and un-redacted copies of all requested documents. The terms "Document" and "Communication" (as defined below) shall be construed broadly, as to bring within the scope of this Subpoena all responses that might otherwise be construed to be outside of its scope.

2. In responding to this Subpoena, you must divulge: (i) all information that is known to, or in the possession, custody, or control of, you and your attorneys, investigators, agents, employees, affiliates, subsidiaries, or other representatives; and (ii) all information that may be obtained upon the exercise of reasonable due diligence by you and your attorneys, investigators, agents, employees, affiliates, subsidiaries, or other representatives.

3. If you cannot respond fully to any part(s) of this Subpoena after exercising reasonable due diligence to obtain or discern the information requested, you must: (i) respond to the extent possible; (ii) specify your inability to respond to the remainder; and (iii) with respect to the unanswered part(s), state and identify whatever information is known or available to you.

4. Your duty in complying with this Subpoena is continuing in nature. Therefore, if, at a later date, you obtain any additional information that is different from or in addition to the set produced, you should amend your answer promptly so as to fully set forth the new or different information.

5. If you object to any part(s) of this Subpoena, or if it is your position that any information or document requested is exempt from discovery for any reason (including, but not limited to, any privilege that you may claim), you must state the exact nature and grounds of your position in your response thereto, wherein you must specify: (i) the part(s) thereof which you claim to be objectionable and your precise objection(s); and (ii) the information which you claim to be exempt from discovery and the precise reason(s) for your claim.

6. In the event that your answer to any portion of this Subpoena is that you do not have any information or Documents in your possession, or any similar answer, explain in detail all efforts made to obtain or locate the information or Documents responsive to the request. You must affirm that you have exercised due diligence and have made reasonable inquiries to obtain the necessary information, and that such information is, nevertheless, unavailable to you.

7.    Wherever the singular form is used in this Subpoena, it also includes the plural, and vice versa. Wherever the conjunctive (e.g., "and") is used in this Subpoena, it shall be read as written and also as if phrased in the disjunctive (e.g., "or"), and vice versa. The use of a verb in any tense of voice shall be construed as the use of that verb in all other tenses and voices.

## II. DEFINITIONS

1.    "You" and "Your" means your practice and its attorneys, investigators, agents, consultants, employees, affiliates, subsidiaries, or other representatives, including all other persons acting or purporting to act on behalf of you and your practice.

2.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or any other form) and includes, but is not limited to, any formal or informal disclosure, contact, discussion, or any other kind of written, oral, or electronic transfer or exchange of information, facts, ideas, or opinions, between two or more persons, however made. The term includes, but is not limited to, all telephone conversations (whether through voice, text message, or video), face-to-face conversations, meetings, visits, conferences, internal and external discussions, and documents (including, without limitation, electronic mail, internet postings, and internet messaging services). This definition includes any documents that are exchanged or transmitted in connection with any oral, written, or electronic communication, and includes any notes of or other documents memorializing the substance of any such communication.

3.    The terms "Document" or "Documents" refer to and includes (1) all writings and recordings as defined in Arizona Rule of Evidence 1001(a)-(b), (2) photographs as defined in Arizona Rule of Evidence 1001(c), (3) video as defined in Arizona Rule of Evidence 1001(d), (4) documents and electronically stored information as defined or referenced in Arizona Rule of Civil Procedure 34(a), and (5) all other records or data (including messages, notes, memoranda, drafts, recordings, transcripts, microfilm, microfiche, e-mails, information stored on any computer, tablet or phone, or any other means by which information of any type is transmitted, recorded or stored). "Document" or "Documents" includes the originals (or copies if the originals are unavailable to you) and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of every writing of every type of description, Communications, and every other thing constituting any medium by which, through which, or on which any type of communication or knowledge has been transmitted, recorded, or preserved, whether printed, handwritten, recorded or graphic matter, computer records, photographic matter, or sound reproductions, wherever produced or recorded, whether claimed to be exempt from production pursuant to a properly asserted privilege or for any other reason.

4.    "Person" means any individual or entity of any kind, including any natural person, individual firm, partnership, joint venture, corporation, or other entity or organization.

5. "Possession," "custody," and "control" include and refer to the joint and several possession, custody, or control of You and any of Your attorneys, investigators, agents, consultants, employees, affiliates, subsidiaries, or other representatives, including anyone who may have acted on Your behalf.

6. "Relate to," "Relating to," or "Related to" when used to refer to a relationship between or among documents, facts, events, or other tangible or intangible concepts or relationships, or some other matter stated in this Subpoena, shall include any document, fact, event, or other tangible or intangible concept or relationship which could, when interpreted in a reasonable manner, be viewed to have any bearing upon or relationship to the matter stated, whether direct or indirect, and which is within the scope of this Subpoena.

## III. DOCUMENTS TO BE PRODUCED

1. Copies of Elizabeth Burdette Howe's transcript(s), or in the alternative, documents showing course enrollment, date(s) of enrollment, date(s) of course(s), and grade(s) received in each course.

2. Ledger showing all charges and payments for Elizabeth Burdette Howe reflecting tuition, fees, or other charges.

11565147.1

120066.1

# DECLARATION OF CUSTODIAN OF RECORDS

I, _____, hereby declare as follows:

1. I am over the age of 18 and competent to make this declaration;

2. I am a duly authorized custodian of records for **Chamberlain University LLC**, and I have authority to certify the records produced by **Chamberlain University LLC**;

3. Attached hereto are records from Farnsworth Wholesale Company in response to the Subpoena Duces Tecum issued by Udall Shumway, PLC (the "Records");

4. The Records produced herein are true and correct copies of the records maintained by **Chamberlain University LLC**, and these Records were made at or near the time of the acts, events, or opinions documented therein;

5. The Records were made by, or from, information transmitted by a person with knowledge of the matters documented therein;

6. The Records are kept in the course of the regularly conducted business activities of **Chamberlain University LLC**;

7. It is the regular practice of the business activity of **Chamberlain University LLC** to maintain the Records;

8. I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Date                                                                    Custodian of Records
                                                                                Chamberlain University LLC

11565147.1

120066.1

## RELEASE FOR DISCLOSURE
## OF EDUCATIONAL INFORMATION

TO:   Custodian of Records
      Chamberlain University

You are hereby authorized and directed to permit the examination of, and the copying of, or reproduction in any manner, whether mechanical, photographic, or otherwise by UDALL SHUMWAY, P.L.C., or such other persons as it may authorize, any and all portions desired by them of the following:

The complete student file, including but not limited to, any and all educational records for each department and/or division and/or college of the educational institution, to include but not be limited to: enrollment applications, financial documents including applications for financial aid or assistance, reports of attendance, report cards or documents reporting grade scores and/or grade point averages, achievement test scores, disciplinary actions, nurses office records, including medical records and/or treatments received, health & immunization records, psychological evaluations records, 504 Plans, IEPs, special education placement records, CUES cards, and any other records that are a part of this student's file as identified below:

Name: Elizabeth Burdette Howe

Date of Birth:  _8_ - _9_ - _1974_

Social Security Number:  _518_ - _92_ - _6912_

DATED this _24th_ day of August, 2023.

_____
Elizabeth Burdette Howe

11474425.1