Robert R. Berk, Bar #010162
Charles M. Callahan, Bar #014984
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1781
Fax: (602) 200-7818
rberk@jshfirm.com
ccallahan@jshfirm.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Burdette Howe,<br><br>    Plaintiff,<br><br>v.<br><br>Aspen University, Inc.,<br><br>    Defendant. | No. 2:22-cv-00939-DGC<br><br>**NOTICE OF LETTER RE: ANTICIPATED MOTION FOR SUMMARY JUDGMENT** |

  Defendant Aspen University, Inc. ("Aspen"), pursuant to the Court's Case Management Order [Doc. 15 at 5, ¶ 11] and Third Amended Case Management Order [Doc. 39], hereby gives notice that it has corresponded with Plaintiff's counsel regarding Aspen's anticipated motion for summary judgment. [Ex. 1.] Counsel for the parties will contact the Court's staff to schedule a pre-motion conference.

  DATED this 15th day of September, 2023.

             JONES, SKELTON & HOCHULI, P.L.C.


             By /s/Charles M. Callahan
               Robert R. Berk
               Charles M. Callahan
               40 N. Central Avenue, Suite 2700
               Phoenix, Arizona 85004
               Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2023, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/Gladys Negron

10749046.1



# EXHIBIT 1

**Gladys Negron**

| | |
|---|---|
| **From:** | CHARLES CALLAHAN |
| **Sent:** | Friday, September 15, 2023 10:08 AM |
| **To:** | 'David Schwartz' |
| **Cc:** | 'Alyssa Quijano' |
| **Subject:** | Howe v Aspen University -- MSJ |

David,

This will serve as Aspen University's letter, as called for in the Case Management Order, regarding MSJs. In her Complaint, Plaintiff alleges four (4) causes of action: breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and declaratory relief. We intend to move for summary judgment on all claims.

With respect to the claim for declaratory relief, Plaintiff sought reinstatement at Aspen. Given that Aspen's BSN Program is terminating in a few months, and that Plaintiff is enrolled in another nursing program, I am assuming this claim can be dismissed?

For the breach of contract/bad faith claims, it is alleged Plaintiff should have been allowed to retake the courses that she failed. However, as has been shown, Aspen's Student Handbook expressly states that a student who fails <u>one</u> course is allowed to retake the course, but a student, like Plaintiff, who fails <u>two</u> courses is subject to dismissal. As a result, it appears Plaintiff has shifted from the allegations in the Complaint, with Plaintiff now claiming she shouldn't have been given failing grades in her four (4) courses (the two didactics and the corresponding two labs) because (i) the instructors should not have deducted points for late assignments in light of Plaintiff's circumstances, and (ii) her work was not failing work. As an initial matter, these allegations do not support a breach of contract/bad faith claim – Plaintiff did not have a "contractual right" to hand assignments in late. And, even if all of the deducted points were added back in, Plaintiff still had failing grades for the courses. Similarly, the allegation of "improper grading" does not support a breach of contract/bad faith claim, or any legal cause of action, and even if it could, there is no evidence to support her allegation. Plaintiff's testimony, from the perspective of a student, that she did passing work is not enough to create a jury issue. Professors and instructors have discretion in grading, and it is Aspen's position that Plaintiff must, at a minimum, show arbitrary and capricious conduct. Plaintiff has not provided any evidence of her work, let alone evidence that Aspen's grading was improper. All of the evidence produced by Aspen documents the grading rubrics and how Plaintiff's work fell short.

It is unclear, but it appears Plaintiff may also be alleging she was improperly denied readmission to Aspen. Again, there is no evidence of improper conduct by Aspen – the only evidence of improper conduct is on the part of Plaintiff, with angry calls to Aspen personnel using foul language. Given Plaintiff's academic performance, her code of conduct issues, and the other issues testified to by Joanne Weiss, Aspen was well within its discretion to deny readmission.

Please let me know when you are available to call the Court and set a pre-motion conference with the judge.



**CHARLES M. CALLAHAN** | Partner (Admitted in Arizona and Nevada)
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700 | Phoenix, AZ 85004
**P** (602) 263-4504 | **M** (602) 550-2740 | **F** (602) 200-7865

website | bio | vCard | map | email | linkedin | facebook | twitter