# EXHIBIT 1

# Alyssa Quijano

| | |
|---|---|
| **From:** | David Schwartz |
| **Sent:** | Friday, September 15, 2023 11:47 AM |
| **To:** | CHARLES CALLAHAN |
| **Cc:** | Alyssa Quijano |
| **Subject:** | RE: Howe v Aspen University -- MSJ |

Charlie – I have to visit with my client about the substance of your email and the issues related to a possible motion for summary judgment.  Most likely I will not have my client's response until Monday or perhaps Tuesday.

I am available now until 1:30 p.m. today or pretty much any time Monday through Wednesday next week for purposes of calling the JA to set a pre-motion conference with the Court.  I read the order as requiring the filing of your email and our response as to our position as a precondition for calling to set the date for the conference with the judge but would still make myself available if you don't read the order the same way.

**David R. Schwartz**
Attorney At Law



**480.461.5325** Direct  |  **480.461.5300** Main  |  **480.833.9392** Fax
1138 North Alma School Road, Suite 101 |  Mesa, Arizona 85201
das@udallshumway.com  |  www.udallshumway.com

Our offices are conveniently located just south of the Loop 202 (Red Mountain Freeway) between Dobson and Alma School.  You can find our offices by taking either the Dobson or Alma School exits and entering Mesa Riverview at West Bass Pro Drive (please click here for map).

NOTICE - This e-mail contains confidential and privileged material for the sole use of the intended recipient. Any review or distribution to others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies.



**From:** CHARLES CALLAHAN <CCallahan@JSHFIRM.COM>
**Sent:** Friday, September 15, 2023 10:08 AM
**To:** David Schwartz <das@udallshumway.com>
**Cc:** Alyssa Quijano <akq@udallshumway.com>
**Subject:** Howe v Aspen University -- MSJ

David,

This will serve as Aspen University's letter, as called for in the Case Management Order, regarding MSJs.  In her Complaint, Plaintiff alleges four (4) causes of action:  breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and declaratory relief.  We intend to move for summary judgment on all claims.

With respect to the claim for declaratory relief, Plaintiff sought reinstatement at Aspen. Given that Aspen's BSN Program is terminating in a few months, and that Plaintiff is enrolled in another nursing program, I am assuming this claim can be dismissed?

For the breach of contract/bad faith claims, it is alleged Plaintiff should have been allowed to retake the courses that she failed. However, as has been shown, Aspen's Student Handbook expressly states that a student who fails <u>one</u> course is allowed to retake the course, but a student, like Plaintiff, who fails <u>two</u> courses is subject to dismissal. As a result, it appears Plaintiff has shifted from the allegations in the Complaint, with Plaintiff now claiming she shouldn't have been given failing grades in her four (4) courses (the two didactics and the corresponding two labs) because (i) the instructors should not have deducted points for late assignments in light of Plaintiff's circumstances, and (ii) her work was not failing work. As an initial matter, these allegations do not support a breach of contract/bad faith claim – Plaintiff did not have a "contractual right" to hand assignments in late. And, even if all of the deducted points were added back in, Plaintiff still had failing grades for the courses. Similarly, the allegation of "improper grading" does not support a breach of contract/bad faith claim, or any legal cause of action, and even if it could, there is no evidence to support her allegation. Plaintiff's testimony, from the perspective of a student, that she did passing work is not enough to create a jury issue. Professors and instructors have discretion in grading, and it is Aspen's position that Plaintiff must, at a minimum, show arbitrary and capricious conduct. Plaintiff has not provided any evidence of her work, let alone evidence that Aspen's grading was improper. All of the evidence produced by Aspen documents the grading rubrics and how Plaintiff's work fell short.

It is unclear, but it appears Plaintiff may also be alleging she was improperly denied readmission to Aspen. Again, there is no evidence of improper conduct by Aspen – the only evidence of improper conduct is on the part of Plaintiff, with angry calls to Aspen personnel using foul language. Given Plaintiff's academic performance, her code of conduct issues, and the other issues testified to by Joanne Weiss, Aspen was well within its discretion to deny readmission.

Please let me know when you are available to call the Court and set a pre-motion conference with the judge.



**CHARLES M. CALLAHAN** | Partner (Admitted in Arizona and Nevada)
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700 | Phoenix, AZ 85004
**P** (602) 263-4504 | **M** (602) 550-2740 | **F** (602) 200-7865

website | bio | vCard | map | email | linkedin | facebook | twitter

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage

arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.