1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

# UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

WRITER'S DIRECT LINE: 480-461-5325
EMAIL: das@udallshumway.com

September 18, 2023

**VIA EMAIL**
Charles Callahan
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004

Re: Howe v Aspen University – Pre-Motion Statement

Dear Charlie:

Pursuant to the Case Management Order (DOC 15), par. 11, I am writing to you regarding your e-mail describing an anticipated motion for summary judgment Aspen University intends to file. This letter is intended to outline Plaintiff's position on the issues you raised. This letter does not purport to describe all arguments or evidence related to the proposed motion or issues.

First, we agree that in light of the Arizona Board of Nursing (BON) shutting down Aspen 's pre-licensure nursing program for its total inability to properly teach its students, the request for reinstatement under the declaratory relief claim (Fourth cause of Action) is now moot. Plaintiff is willing to withdraw that claim.

Second, on the breach of contract/bad faith claims we provide the following response to the issues you raised:

1. Plaintiff is still proceeding on its claim that under the Catalog she was entitled to retake a failed course one time. We acknowledge the catalog also indicates a two course failure policy but believe the proper harmonization is that Plaintiff should have been allowed to retake one or both courses and if she did not pass upon retaking them then she could be terminated under the two course failure policy. Our client views the catalog and contract as ambiguous as to the proper interpretation of these policies, and as the drafter of the agreement and policies they are construed against Aspen. We expect there would be conflicting testimony (from Plaintiff and Aspen's Provost as to how the two policies were understood) but the policy provisions themselves are not in dispute.

UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

September 18, 2023
Page 2

      2.      Plaintiff's Complaint alleged she was wrongfully failed in one or both nursing didactic courses (which automatically resulted in failing the associated lab classes even though she had passing grades in both lab classes). Plaintiff disputes whether she turned in assignments late and whether the late penalties were properly applied. While Professor Dickinson testified that she did not apply late penalties for any student and for Plaintiff in particular, an email shows she did do so at the direction of Aspen. However, it is not disputed from a math perspective that adding back in late penalties would not have resulted in Plaintiff passing either course. For at least the Maternal Health course, there is a question of fact whether the scores provided for Plaintiff's assignments were grades of her work. The instructor tried to give Plaintiff the scores of two other students and only once was that shown to be corrected. Not all grading rubrics were produced by Aspen for both classes. Plaintiff intends to continue with this claim.

      3.      The Complaint alleged Aspen breached its duty of good faith and fair dealing in the exercise of its discretion as to allowing Plaintiff to reenter the nursing program (even assuming she failed two courses). Plaintiff believes that Aspen and the Provost wrongfully denied entry to Plaintiff because Plaintiff told them she was hiring a lawyer and they suspected Plaintiff was the one who had complained to the BON about Aspen. The vast majority of students seeking reentry were allowed to reenter, including at least nine students with worse academic records than Plaintiff. Plaintiff's problems were in a single session and were in part a result of two family deaths and Professor Godinez's failure to provide proper lectures. We are also still waiting for Aspen to produce the records relating to the other students who were allowed readmission. Aspen never even asked Plaintiff for Plaintiff's side of any issues (whether phone calls, foul language or code of conduct) which Aspen claims are the basis for its decision not to allow readmission.

Very truly yours,

David R. Schwartz

11581343.1/September 18, 2023\
120066.1