**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Elizabeth Burdette Howe,

                    Plaintiff,

v.

Aspen University, Inc.,

                    Defendant.

No.   CV-22-00939-PHX-DGC

**ORDER**

On August 9, 2024, the Court granted Defendant's motion for summary judgment and the Clerk entered judgment in favor of Defendant.  Docs. 53, 73, 74.  Plaintiff has filed a motion to strike summary judgment and a motion for jury trial.  Docs. 75, 76.  Defendant has filed a response arguing that Plaintiff has articulated no basis for disturbing the Court's prior ruling.  Doc. 77.  Plaintiff has filed no reply.  For reasons stated below, the Court will deny the motions.

**I.      Background.**

Plaintiff states that she was not given a hearing on the motion for summary judgment and has had problems with her attorney.  Doc. 75 at 1.  Plaintiff also states that the Defendants did not serve paperwork in a proper manner.  Doc. 76 at 1.

At the time of the summary judgment briefing, Plaintiff was represented by counsel and all filed documents were served on the parties electronically.  On November 16, 2024, Plaintiff's attorney filed a response to the motion for summary judgment, supported by a

1

statement of facts.  Docs. 56, 57.  Plaintiff did not request a hearing on the motion.  *See* Doc. 56 at 1; LRCiv 7.2(f).  On December 28, 2023, after the summary judgment briefing was complete, Plaintiff's counsel moved to withdraw.  Doc. 65.  On January 17, 2024, a hearing was held, with Plaintiff present, and the Court granted counsel's motion.  Doc. 71.  Plaintiff was given until February 16, 2024 to obtain new counsel.  *Id*.

On February 23, 2024, when the Court had not received a notice of appearance by counsel, it issued an order notifying Plaintiff that "the Court will proceed with the understanding that Plaintiff is representing herself.  The next step is for the Court to decide the pending motions."  Doc. 72.  After review of the summary judgment briefing, the Court determined that a hearing was not necessary and issued an order granting Defendant's motion on August 9, 2024.  Doc. 73.  The Clerk then entered judgment in Defendant's favor.  Doc. 74.  The Court's docket reflects that Plaintiff was mailed copies of Docs. 71, 72, 73, and 74.  All previously filed documents were served electronically on Plaintiff's counsel.

**II.  Discussion.**

Because there was no trial, the Court will construe Plaintiff's request to strike summary judgment and grant a jury trial (Docs. 73, 74) as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and for relief from judgment under Rule 60(b).

The Ninth Circuit has repeatedly cautioned that relief under Rule 59(e) "is an extraordinary remedy which should be used sparingly."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).  "A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell*, 197 F.3d at 1255); *see also* LRCiv. 7.2(g).  "This requirement is a high hurdle for [the movant] to meet."  *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

The Court may grant relief from judgment under Rule 60(b) only "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).  The moving party bears the burden of proving a basis for Rule 60(b) relief.  *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

Plaintiff has established no basis for relief from judgment under either Rule 59(e) or Rule 60(b).  Plaintiff presents no newly discovered evidence and does not assert that there has been an intervening change in the law.  Nor is the Court convinced that it mistakenly granted summary judgment in favor of Defendant.  *See Sch. Dist. No. 1J*, 5 F.3d at 1263 ("Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'") (citation omitted). Plaintiff also has failed to show extraordinary circumstances or any other reason for relief under Rule 60(b).

Plaintiff did not request a hearing in her response to the motion for summary judgment, nor did the Court determine one was needed.  *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).  While represented by counsel, all filings were served on Plaintiff's counsel via the Court's CM/ECF system. While proceeding pro se, Plaintiff was mailed all filings via the United States Postal Service to the most recent address provided to the Court.  Additionally, all documents can be accessed via CM/ECF, which was available to Plaintiff in the lobby of the Clerk's Office.  Plaintiff's purported problems with her attorney and service of papers do not serve as a basis for setting aside the final judgment in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED:**

1.     Plaintiff's motions to strike summary judgment (Doc. 75) and motion for jury trial (Doc. 76) are **denied**.

2.     This case shall remain **closed**.

Dated this 21st day of October, 2024.

David G. Campbell
Senior United States District Judge